UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO:   08-20633 CR MORENO

    Plaintif,

v.

MAC RIVENBARK,

    Defendant.

_____/

## MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM

COMES NOW, the Defendant, MAC RIVENBARK, by and through his undersigned attorney, and files this his Motion for Downward Departure and Sentencing Memorandum in support thereof, and states as follows:

1. The Defendant herein has been charged by Indictment with one count of false invoicing of imported plants, a violation of 16 U.S.C. 3372(d)(1).

2. Pursuant to a Plea Agreement entered into between the Defendant and the Government, the Defendant Plead Guilty.

3. The Plea Agreement correctly identifies the offense level of six (6), with a two (2) level increase for pecuniary gain, and a six (6) level increase for relevant conduct for an total offense level fourteen (14), however, the Government has agreed to a two level reduction for acceptance of responsibility for an adjusted advisory offense guideline of twelve (12).

4. As per the presentence Investigation Report the Defendant is in a criminal history category I.

5. Pursuant to the Federal Sentencing Guidelines the Defendant's level twelve corresponds with a Zone C 10 -16 month imprisonment range.

6. Pursuant to 5C1.1(d), Zone C, the minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment.

7. Pursuant to the U.S. vs Booker, 125 S.Ct. 738 (2005), the sentencing guidelines presented herein are advisory and not binding on the Court.

8. The Defendant herein respectfully moves this Court for a sentence below the guidelines stated above for the following reasons:

   a) The nature and circumstances of the offense and the history and characteristics of the Defendant warrant a below guideline or adjusted guideline sentence;

   b) A below guideline sentence or an adjusted guideline sentence would accomplish the goals set forth in 18 U.S.C. 3553 (2)(A),(B),(C) and (D).

WHEREFORE, the Defendant, MAC RIVENBARK, respectfully moves this Court for an Order granting downward departure sentence or an adjusted guideline sentence.

## MEMORANDUM OF LAW

In light of U.S. vs. Booker, 125 S.Ct. 738 (2005), this court has the discretion to fashion a sentence below the guideline range provided that the goals set forth in 18 U.S.C. 3553 are taken into consideration.

The 3553(a) factors are:

> (1) The nature and circumstances of the offense and the history and characteristics of the Defendant;

The nature and circumstances of the offense are set forth in the Defendant's acceptance of Responsibility Statement, to wit; that he received a shipment of wild collected orchids from his brother in law, which he knew to be mislabeled as nursery grown instead of wild collected, in order to be imported into the United States.

The Defendant's history and characteristics are exemplary, in that the Defendant has been a productive, patriotic, contributing member of our society as evidenced by his service to this Country in the United States Marine Corp. from 1987 to 1989, when he was honorably discharged. Mr. Rivenbark has been gainfully employed following his recovery from his motorcycle accident in 1991, which has left him permanently disabled with residual medical problems. Mr. Rivenbark's circumstances are unique in that he is the father of a special needs child.

Although Mr. Rivenbark mentioned his son's autism in his presentence interview, he did not discuss in detail the extent to which his son requires special attention which places extra-ordinary burdens on Mr. Rivenbark. Mac Joseph Rivenbark, the Defendant's son, was born severely premature at 26 weeks. At his birth he weighted 1 lb and 11 ounces, and was required to spend 79 days in the neo-natal intensive care unit. At approximately 4 years of age, he was diagnosis with Autism.

Although he his 9 years old now, he functions at the level of a 5 year old. He has limited verbal skills, and would not be able to articulate to a stranger his name, age, address or telephone number. He can not be left unattended. Mrs. Rivenbark, the

Defendant's Wife, is not employed so that she is available to take the child to school, pick him up and take him to his speech, occupational and physical therapy.

The Defendant is the sole supporter of his wife and child. Without the Defendant's support, this family stands to lose their house and any asset they own. In the event Mr. Rivenbark is required to serve time in prison even for a short time, Mrs. Rivenbark would need to obtain employment to provide financial assistance, in which case she would not be available to meet her son's special needs nor does she have anyone to assist her with the child.

The 3553(2) factors focus on the need for the sentence imposed:

(A) To reflect the seriousness of he offense, to promote respect for the law and to provide just punishment;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant; and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The goals set forth in 18 U.S.C. 3553(2), would be satisfied by a sentence of probation.

The offense with which the Defendant is charged is not a violent offense or even an offense against a person or an individual's property. The plants that were improperly labeled are not illegal in and of themselves. These particular species are permitted to be imported, provided that they were grown in a nursery and not collected from the wild. A term of imprisonment is not warranted in this case as our prison system is a limited resource which should be reserved for the most serious, violent and repeat offenders.

To promote respect for the law, respect for the law has been gained by this Defendant by virtue of his arrest, the weekend he spent in jail and the awareness he has gained regarding the impact such an offense has had on him and his family. The stress that this Defendant has put himself through and that of his family has punished this Defendant greatly in that he has put himself and his family in the precarious position of losing everything they have worked hard to obtain by this offense and its potential sentence. Further, the Defendant has been ostracized from the Orchid Society, where he served as President and was forced to resign.

A sentence of probation would provide adequate deterrence to criminal conduct in that probation provides substantial incentive to avoid further criminal conduct. Further, this Defendant allowed his importation license to expire and does not desire to renew the same, therefore there is no danger that he would attempt to participate in this type of offense again and as such protects the public from any further crime of this Defendant.

The Presentence Investigation Report reveals that Mr. Rivenbark has had an issue with marijuana use since 2003. Following his arrest and two positive urinalysis', this Defendant was referred to the South Florida Clinical Treatment Center, which he has been attending with favorable results as evidenced by his negative drug tests.

The focus of Booker is to allow district judges the flexibility to tailor sentences for individual defendants. United States vs. Williams, 472 F.3d 835 (11th Cir. 2006). The instant case is a case where flexibility in sentencing is warranted given the offense charged and this particular defendant's circumstances.

In sentencing a defendant, the district court should follow three steps (1) calculate the advisory guideline range (2) consider whether any departure is warranted under the guidelines; and (3) consider the sentencing factors enumerated in 18 U.S.C. 3553(a) and impose a reasonable sentence. United States vs. Chettiar, 501 F.3d 854 (8th Cir. 2007). This court reviews the reasonableness of a sentence by an abuse of discretion. U.S. vs. Lee, 454 F. 3d 836 (8th Cir. 2006). The further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on the 3553(a) factors must be. An extraordinary reduction must be supported by extraordinary circumstances". U.S. vs. Gonzalez-Alvarado, 477 F. 3d 648, 650 (8th Cir. 2007)(quoting U.S. v. Bryant, 446 F. 3d 1317, 1319 (8th Cir. 2006).

In U.S. vs. Chettiar, 501 F.3d 854 (8th Cir. 2007), the District Court found the appropriate guideline offense level was thirteen (12-18 months imprisonment). Level thirteen falls in Zone D of the sentencing table, meaning halfway house or home confinement cannot be substituted for any portion of a term of imprisonment. U.S.S.G. 5C1.1(f). The district court sentenced the defendant, Chettiar, to supervised release, which included three months of halfway house confinement and nine months of home detention. In effect, the district court varied downward three offense levels, to a level 10 (six to twelve months imprisonment) which falls in Zone B of the sentencing table. Under Zone B all of the term of imprisonment may be substituted for a sentence of probation that includes an equal amount of halfway house or home confinement. U.S.S.G. 5C1.1(c)(3).

This downward variance is also described as having moved the Zone B overlay up three levels. The concept of shifting the sentencing table's zone overlay was applied in U.S. vs. Spero, 382 F. 3d 803 (8th Cir. 2004).

A three level variance is not considered extraordinary or dramatic. In fact, the Sentencing Commission has concluded that most adjustments for aggravating or mitigating circumstances should be in the amount of two, three or four offense levels. U.S. vs. Chase, 471 F. 3d 474 (8th Cir. 2006).

In the instant case, the Defendant is seeking a two level variance to a level 10, which falls within Zone B, and would permit the entire term of imprisonment to be substituted for a sentence of probation that includes an equal amount of home confinement.

Finally, pursuant to the Plea Agreement entered in this case, Mr. Rivenbark met with Special Agent N. Charboneau and Special Agent D. Hubbard and AUSA Watts-Fitzgerald in an effort to assist them in anyway in the investigation and/or prosecution of other criminal matters. Despite Mr. Rivenbark's best efforts, Mr. Rivenbark's cooperation was not of sufficient quality or significance for the government to file a motion consistent with 5K1.1. Nonetheless, the defendant's attempts at cooperation demonstrate his good faith efforts towards rehabilitation.

Based on the above, the Defendant, MACK RIVENBARK, respectfully prays that this Court sentence him to period of probation with any special condition the Court deems appropriate and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10 day of Sep, 2008 to: Thomas Watts-Fitzgerald, Esquire, United State's Attorney's Office, 99 N.E. 4th Street, Miami, FL 33132.

GILMAN & ASSOCIATES, PA.
Counsel for Defendant
400 SE 9th Street
Ft. Lauderdale, Fl 33316
Telephone: (954) 763-3453
Fax No.:    (954) 728-9263
rtolley@askallison.info

_____
RAMONA L. TOLLEY, ESQ.
Fla. Bar No. 962902